UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

UNITED STATES OF AMERICA                                        ORDER

                                                        Case Number: 24CR334(NJC)

     -against-



JOHN MENSCH

-------------------------------------------------------X

NUSRAT J. CHOUDHURY, United States District Judge:

The Court issues this Order pursuant to Rule 5(f) of the Federal Rule of Criminal

Procedure to confirm the prosecution's disclosure obligations under *Brady* v. *Maryland*, 373

U.S. 83 (1963), and its progeny, and to summarize the possible consequences for violating those

obligations.

## I.     The government's disclosure obligations

As set forth in *Brady*, the prosecution must disclose to the defense all information

"favorable to an accused" that is "material either to guilt or to punishment" and that is known to

the prosecution. *Id.* at 87. This obligation applies regardless of whether the information would

itself constitute admissible evidence. The prosecution shall disclose such information to the

defense promptly after its existence becomes known to the prosecution so that the defense may

make effective use of the information in the preparation of its case.

In addition, the prosecution must also disclose any information that can be used to

impeach the trial testimony of a prosecution witness within the meaning of *Giglio v. United*

*States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in

advance of trial for the defendant to make effective use of it at trial, or at such other time as the

Court may order.[1]

These obligations are continuing ones and apply to materials that become known to the

prosecution in the future.  These obligations also apply to information that is otherwise subject to

disclosure regardless of whether the prosecution credits the information.

In the event the prosecution believes that a disclosure under this Order would

compromise witness safety, victim rights, national security, a sensitive law-enforcement

technique, or any other substantial government interest, it may apply to the Court for a

modification of its obligations, which may include in camera review or withholding or subjecting

to a protective order all or part of the information otherwise subject to disclosure. [2]

For purposes of this Order, the prosecution has an affirmative obligation to seek all

information subject to disclosure under this Order from all current or former federal, state, and

local prosecutors, law enforcement officers, and other officers who have participated in the

prosecution, or investigation that led to the prosecution, of the offense or offenses with which the

defendant is charged.

## II.    Possible consequences for violating these obligations

If the prosecution fails to comply with this Order, the Court, in addition to ordering

production of the information, may:

   (1) specify the terms and conditions of such production;

   (2) grant a continuance;

---

[1] This Order does not purport to set forth an exhaustive list of the prosecution's disclosure obligations.

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution.  *See* 18 U.S.C. app. 3 §§ 1 *et seq.*

(3) impose evidentiary sanctions;

(4) impose sanctions on any lawyer for the prosecution responsible for violations of the prosecution's disclosure obligations;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

**SO ORDERED.**

Dated: October 2, 2024                                    _s/Nusrat J. Choudhury___
        Central Islip, NY                                        Nusrat J. Choudhury
                                                                 United States District Judge