

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CMM:AXB
F. #2018R02134

*610 Federal Plaza*
*Central Islip, New York 11722*

November 14, 2025

<u>By E-mail</u>

Officer Meghan Wing
U.S. Probation Officer
202 Federal Plaza
Central Islip, NY 11722
(Meghan_Wing@nyep.uscourts.gov)

> Re:   United States v. John Mensch
>       <u>Criminal Docket No. 24-334 (NJC)</u>

Dear Officer Wing:

The government is in receipt of the Presentence Investigation Report ("PSR") in the above-captioned matter.  We are also in receipt of the objections raised by defendant John Mensch on October 27, 2025 (the "Objections" or "Obj.").  The government's response to those Objections is set forth below.

I.     <u>As to Mensch's Restitution Obligation</u>[1]

Mensch asks that the PSR describe settlement agreements he reached with Dime Community Bank (which acquired Bridgehampton National Bank) and Wallkill Valley Federal Savings & Loan (together, the "Victim Banks").  He contends that those agreements demonstrate "concrete steps to ensure the victims of the offense conduct receive full restitution." (Obj. 1).  That may be true.  But "when the law provides for restitution," the PSR is merely required to set forth "information sufficient for a restitution order."  Fed. R. Crim. P. 32(d)(2)(D); *accord* Fed. R. Crim. P. 32(c)(1)(B).  The PSR plainly complies with that limited mandate.  Mensch is free, in his own written submissions and arguments to the court, to highlight any good-faith efforts to make the Victim Banks whole.

II.    <u>General Objection Regarding Description of Offense Conduct</u>

Mensch asks that Part A of the PSR reflect: (i) that the fraud proceeds were not made available to him, individually; (ii) that he did not personally have accounts at the Victim

---

[1]    For ease of reference, the government has adopted Mensch's topic headings.

Banks; and (iii) that to the extent he exercised discretion, he directed the fraud proceeds to be used for business expenses, rather than his own personal gain.

Mensch was the sole beneficial owner and Chief Executive Officer of East End and an authorized signer on the company's bank accounts. As we see it, then, there is little practical significance that the fraud proceeds were made available to the company, rather than Mensch, or that the relevant bank accounts existed in the names of corporate entities. In every sense that mattered, Mensch *was* the company. Ditto that Mensch directed most of the fraud proceeds to the company's financial obligations. While we agree that the overall objective of the fraudulent scheme was to keep East End operational, the fact remains that East End was Mensch's personal, family-run business and if the company defaulted on its financial obligations, Mensch uniquely stood to suffer the economic consequences.

That said, so long as the PSR does not imply a misleading degree of separation between Mensch and the entities he owned and controlled, the government does not oppose these technical clarifications.

III.    Specific Objections

The government takes no position on the following proposed changes:

| Paragraph of PSR | Page of Letter Dated 10/27/2025 | Description |
|---|---|---|
| 8 | 4 | The government has no objection to describing the fraud as beginning in earnest in October 2017 |
| 40 | 8-9 | ███████████████████████████ |
| 121 | 10-11 | The government defers to Probation on whether to include this collateral consequence in the PSR |

*Paragraphs 9, 10, and 11.* Mensch asks that these paragraphs summarizing the offense conduct: (i) more fully explain the role of co-conspirator Majo Jacinto; (ii) clarify that East End, rather than Mensch, received the fraud proceeds; and (iii) clarify that most of the fraudulent checks involved in the scheme were for amounts far smaller than their aggregate face value. Subject to the caveat expressed above about creating artificial distance between Mensch and his companies, the government has no problem with items (ii) and (iii). As to item (i), however, the government emphasizes that Jacinto is not the defendant in this case. And while much of the conduct reflected in Mensch's proposed revisions *will not* be disputed at sentencing, the inferences to be drawn from that conduct—*i.e.*, Mensch's relative culpability—*will* be disputed. As such, we oppose the PSR singularly expounding upon Jacinto's offense activity and believe the proposed revisions risk placing Probation's imprimatur on the disputed idea that Mensch was a limited player in the scheme.[2] That is especially true when Mensch has stipulated to a Guidelines enhancement for organizing, leading, managing or supervising the instant criminal activity.

_____

[2]    We note that Mensch's proposed rewrite of the offense conduct does not suggest similarly detailed descriptions of any other participant's conduct, including his own. If Probation

2

If, despite Mensch's acknowledged leadership role in the fraud, Probation forms an independent opinion regarding his relative culpability, the proper place to express that opinion is its own sentence recommendation to the court, not the PSR.

*Paragraphs 16 and 26.* As you know, the parties' plea agreement estimated a two-level enhancement under U.S.S.G. § 3B1.1(c). That was the result of an arm's-length negotiation. Without adopting the legal analysis set forth on page eight of the Objections, the government intends to argue that the Guidelines range reflected in the plea agreement is an appropriate starting point for Judge Choudhury's analysis.[3]

*Paragraph 46.* ███████████████ ███████████ We do, however, oppose Mensch presuming to edit statements that a third-party made to Probation. ████████████████ ███████████ But paragraph 46 reflects Jennifer Mensch's description of matters as to which she has firsthand knowledge. We do not believe it would aid the court's fact-finding to permit Mensch to revise that description.

---

ultimately believes a more fulsome description of each participant's role in the offense is warranted, the government reserves the right to proffer additional facts about Mensch's conduct ████████████████████████████ *See, e.g., infra* n.3.

[3] Mensch is probably right that the Upstate Employee is not a "participant" within the meaning of § 3B1.1(a). (*See* Obj. 8). ████████████

IV.        Factors That May Warrant a Variance

This section of Mensch's October 27 letter sets forth various arguments favoring leniency, which we believe are appropriately directed to the sentencing judge, not Probation.  If raised at the proper time, the government will respond to these arguments in its written submission and arguments to Judge Choudhury.

V.        Clarifications and Additional Context

The government takes no position on any of these items.

VI.        Corrections

The government takes no position on any of these items.

Very truly yours,

JOSEPH NOCELLA, JR.
United States Attorney

By:        _____/s/_____
Anthony Bagnuola
Assistant U.S. Attorney
(631) 715-7849

cc:    Counsel of Record (via email)

4